# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JENA K. PAIGE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV407-151 |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On October 9, 2007, Jena K. Paige filed a *pro se* complaint pursuant to the Federal Tort Claims Act (FTCA), alleging that she was wrongfully discharged from the United States Air Force. Doc. 1. The facts alleged in Paige's complaint are nearly identical to the facts she alleged in an earlier complaint filed in this Court on October 17, 2006. Paige v. United States, No. 406-254 (S.D. Ga. 2006). She dismissed that complaint voluntarily on March 26, 2007, but only after the Court had construed her complaint as a Title VII claim and had informed her that her case could not go forward until she demonstrated that she had filed a charge with the

Air Force's Equal Employment Office (EEO) and had submitted a copy of a right-to-sue letter from that office. Id.

Due to the factual similarities between Paige's earlier complaint and her complaint in this case, the Court again ordered her to submit proof that she had exhausted her available administrative remedies. Doc. 4. She has responded to that order. Docs. 5, 6. However, for the reasons set forth below, her response is inadequate and her complaint should be **DISMISSED**.

## I. FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Paige has failed to satisfy 29 C.F.R. § 1614.105(a)(1), which requires federal employees who believe they have been discriminated against on the basis of race or sex to contact a counselor at the appropriate EEO agency within forty-five days of the alleged discriminatory act. While the forty-five day filing deadline is rigid, it is not without exceptions. The agency may extend the deadline if the aggrieved individual shows: (1) that she was not notified and was not otherwise aware of the deadline; (2) that she did not know and reasonably should not have known that the discriminatory matter occurred; (3) that circumstances beyond

her control prevented her from contacting the counselor within the appropriate time limit; or (4) that other reasons considered sufficient by the agency made contact within the requisite time frame impossible. Id. § 1614.105(a)(2); see also Bond v. Dep't of Air Force, 202 F. App'x 391, 393 (11th Cir. 2006) ("Before filing an employment discrimination action, federal employees are required to file a formal complaint with the agency . . . that allegedly discriminated against them.").

Here, Paige was discharged involuntarily on June 2, 2006. Doc. 1. She alleges that before her discharge she was subjected to physical violence, false arrest, denial of advancement opportunities, and defamation of character. Id. But she has alleged no facts and has submitted no evidence indicating that she contacted an Air Force EEO counselor before September 25, 2006—more than one-hundred days after her discharge. Doc. 5. In addition, she has alleged no facts indicating that she qualified for equitable tolling of the forty-five day period. Therefore, Paige failed to exhaust her administrative remedies and her complaint should be **DISMISSED**.

## II. FAILURE TO STATE A CLAIM

Paige's failure to pursue her available administrative remedies is not the only reason her complaint should be dismissed. According to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court must dismiss the complaint of any plaintiff proceeding *in forma pauperis* if that plaintiff fails to state a claim upon which relief may be granted. And Paige has failed to state a claim.

Paige's complaint includes blanket allegations of wrongful discharge and other maltreatment. Doc. 1. But it contains no specifics. It fails to name any of the parties responsible for the alleged maltreatment and fails to articulate any reason why her discharge was wrongful. Most importantly, it does not link any of the alleged adverse employment actions to her race or sex.

Although a *pro se* plaintiff's complaint must be construed liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), even the most liberal of constructions cannot scrape together a factual basis for relief where no facts have been pleaded. Instead, a complaint must contain some factual allegations that, if proven, would entitle the plaintiff to relief. See

4

Fed. R. Civ. P. 8(a) (stating that a complaint must set forth a "short and plain statement of the claim showing that that the pleader is entitled to relief"); see also Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964–65 (2007) (explaining that an alleged "entitlement to relief" set forth in a claim must rest on more than "labels and conclusions").

Paige's complaint is devoid of any factual allegations that the Air Force violated procedural, regulatory, statutory or Constitutional requirements during her period of active duty or during her discharge proceedings. See Doc. 1. As a result, Paige has failed to state a claim upon which relief can be granted, and her complaint should be **DISMISSED**.[1] Any pending motions should be **DENIED** as **MOOT**.

So **REPORTED** and **RECOMMENDED** this  6th   day of November 2007.

/s/ G.R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Paige appears to have already litigated her claims in the United States Court of Federal Claims. See Paige v. United States, No. 07-128C (Fed. Cl. Oct. 15, 2007). The record does not contain sufficient evidence on the matter, but if she has already litigated her claims, then further litigation of those same claims in this Court would be precluded by the doctrines of either res judicata or collateral estoppel, or both.

5